ZANE SPURRIER v. WILLIAM McCLINTOCK, Defendant, Appellant, MABEL H. BAKER, Intervener, Appellant.

**Fraud:** SETTING DEED ASIDE. A widow made deed to F. Part of the land belonged to a minor and a bond was given that the minor should deed upon attaining majority. The land passed to M and the bond was acquired by plaintiff. When the minor attained majority she desired not only to relieve the makers of the bond from liability, but, as well, to perfect the title of M, to whom the land had passed Plaintiff fraudulently induced her to make deed to him, representing that by so doing she would quiet the title of M. *Held*, the deed should be set aside.

*Appeal from Taylor District Court.*—HON. W. H. TEDFORD, Judge.

FRIDAY, DECEMBER 17, 1897.

ACTION of partition. Decree for plaintiff. All par-
ties appeal.— *Reversed.*

*Charles Thomas* and *Maxwell & Winter* for appel-
lants McClintook and Baker.

*Crum & Haddock* and *W. M. Jackson* for plaintiff.

KINNE, C. J.—I. Prior to January 21, 1888, Sarah
S. Sargent (widow) was the owner of the northeast
quarter of section 5, township 69, range 32, in Taylor
county, Iowa, except an undivided one-eleventh of the
same, which her minor daughter, Mabel H. Sargent,
owned by inheritance from her father. On January 21,
1888, Mrs. Sargent conveyed the whole of said land to
George H. Finley, by warranty deed containing full
covenants, except as to a certain mortgage incumbrance
thereon. When this deed was made, all of the parties
to the transaction understood that said daughter was
the owner of the legal title to an undivided one-eleventh
interest in said land, and that, as soon as she arrived of
age, it was expected she would fulfill her mother's con-
tract. So believing, Mrs. Sargent, as principal, and
John Knox, as surety, at the time of making the deed,
executed and delivered to Finley a bond by which they
bound themselves unto "George H. Finley, his heirs,
executors, legal representatives, or grantees, in the
penal sum of two hundred and fifty dollars." The con-
dition of said bond was as follows: "Whereas, the
above-bounden Sarah S. Sargent has this day made war-
ranty deed to the said George H. Finley, conveying the
northeast quarter of section five. township sixty-nine,
range thirty-two, in Taylor county, Iowa; and whereas,
the above-bounden Sarah S. Sargent has one child, viz.
Mabel H. Sargent, who at this date has not arrived at
her majority: Now, if, at the time the said Mabel H.
Sargent shall arrive at her majority, she will, for the

consideration of one dollar, quit-claim her interest in above-described land to said George H. Finley, his heirs, executors, legal representatives, or grantees, then and in that case this bond to be null and void, and otherwise to be and remain in full force and effect." On the same day, and after the execution and delivery of the deed and bond by Mrs. Sargent to Finley, the latter executed a mortgage upon the whole tract, for two thousand dollars, to Monmouth College. Said mortgage contained full covenants as to warranty, title, etc. Afterwards Finley became insolvent. Still later the college foreclosed its said mortgage, and procured a decree, upon which an execution issued; and the premises were sold thereunder, on June 25, 1890, to the appellant McClintock. Thereafter McClintock purchased Finley's equity of redemption in said land. June 27, 1891, the sheriff of the county executed and delivered to McClintock a sheriff's deed for said land. McClintock took possession of the land, and has ever since held it. In September, 1895, the daughter, Mabel, attained her majority, by her intermarriage with one Frank D. Baker. Mabel desired to fulfill her mother's contract, and to release her and her surety from liability upon the bond, or on the covenants of the deed. Knox, the surety, was an uncle of Mabel. Plaintiff induced Mabel and her husband to believe that a deed to him would, in effect, be the same as to Finley; and it was so executed and delivered to plaintiff, without any consideration paid, except the nominal sum of one dollar, though the deed contained an expressed consideration of two hundred and fifty dollars. Under this deed, plaintiff claimed to own an undivided one-eleventh of the land, and began this action for partition thereof. McClintock answered, claiming all of the land; that the deed to plaintiff was procured by fraud, connivance, and deception of both Finley and plaintiff, and for the purpose of cheating

and defrauding McClintock, and of casting a cloud upon his title. Mabel H. Baker, intervened, alleging the execution of the deed by her and her husband in fulfillment of the provisions of the bond, and that, by the fraud and misrepresentations of plaintiff and Finley, she was induced to make the deed without any consideration, other than one dollar and the delivery of the bond. She offered to return the one dollar, and asked that the deed be set aside, and that McClintock's title be quieted. A decree was entered awarding plaintiff one-eleventh of the land, subject to a lien of two hundred and fifty dollars against the same in favor of McClintock. Referees were appointed to divide or sell the land, and other orders were made. From the decree, all parties appeal.

II.   We first consider the appeal of McClintock and of the intervener. It is clear that the object of giving the bond was to make good to Finley, or to his grantees, the title to the land heretofore described. True it is, that, on arriving at her majority, Mabel might refuse to convey her interest in the land to either Finley or his grantee, in which event the penalty of the bond would be the measure of the liability of the makers of it. But what are the facts? Mabel and her husband, as the evidence shows, intended, by the conveyance which they made, to not only take up the bond, and thus release the obligors therein from any liability thereon, but likewise, by the same act, to perfect the title to the land to McClintock, who had acquired Finley's interest in the land. She supposed that she was accomplishing this, in executing the deed to plaintiff. Representations to that effect were made to her, on the faith of which she executed and delivered the deed. We think it is clear that she would never have executed the deed to plaintiff, had she not supposed that the result would be as we have stated. She was, then, induced to make title to plaintiff by reasons of representations which were false, and,

no doubt, made with the intent to deceive her. The plaintiff was fully advised of the situation. He knew, when he purchased the bond, of its object, and purposely and fraudulently induced the execution of the deed to himself. Whether he could, under any circumstances, claim any right under the bond, by assignment or otherwise, we need not determine. Certain it is that he could not—at least, as against his grantor—acquire title by reason of fraudulent representations. The deed should be set aside, and, as both Mabel and McClintock ask that the title be quieted in the latter, we think that the decree should have so ordered. The intervener and the defendant may, if they so elect, have a decree in this court setting aside and canceling said deed, and quieting title to the land in controversy in the defendant, and the plaintiff will pay the costs, or the case will be remanded for an entry of such a decree in the lower court. We do not find it necessary to consider other questions discussed.

III.    As to plaintiff's appeal: The parties stipulated that, in case plaintiff was entitled to recover, he should receive the undivided one-eleventh of the land. The trial court apparently overlooked this stipulation, and made a charge of two hundred and fifty dollars against the one-eleventh interest, title to which was found to be in the plaintiff. From this decree, plaintiff appealed. As we find that plaintiff is not entitled to any relief, the decree below was erroneous. As to both appeals, therefore, the cause must be REVERSED.